IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Julie A. Su, Acting Secretary of Labor, United States Department of Labor<br><br>Plaintiff,<br><br>v.<br><br>Red Oak Tree Service, Inc. and Humberto Gonzalez,<br><br>Defendants. | Case No.: 24-cv-50116<br><br>Judge Iain D. Johnston |

MEMORANDUM OPINION AND ORDER

Plaintiff Acting Secretary of Labor Julie Su ("the Acting Secretary") brought this Fair Labor and Standards Act ("FLSA") Complaint against Defendants Red Oak Tree Service, Inc. ("Red Oak") and Humberto Gonzalez. The Defendants jointly answered the Complaint, and the Acting Secretary then moved under Rule 12(c) for "partial judgment on the pleadings." For the following reasons, the Court denies the Acting Secretary's Motion.

**Background**

    *a.   Acting Secretary's Complaint*

The Court takes the following allegations from the Acting Secretary's Complaint and considers them true for the purpose of deciding this Motion.[1]

An Illinois company, Red Oak Tree Service provides tree removal services. Dkt. 1, ¶ 3–4. Humberto Gonzalez solely owns and operates Red Oak.[2] *Id.* ¶ 5. Red Oak employs more than two people and earns $500,000+ annually. *Id.* ¶ 9. Its "peak season" is May through September, and its "off-peak" season is March, April, October, and November. *Id.* ¶¶ 11–12.

---

[1] As discussed later, it's more complicated. Because the Acting Secretary (plaintiff) moved under 12(c), any allegations Red Oak denied are actually deemed false. *United Food & Commercial Workers, Local 1995 v. Kroger Co.*, 51 F.4th 197, 210 (6th Cir. 2022). However, Red Oak largely admits the allegations included in this Background.

[2] Because their individuality doesn't matter for purposes of this Motion, the Court refers to both Gonzalez and Red Oak collectively as "Red Oak."

1

From November 1, 2020 through October 30, 2022 ("the Investigation Period"), the Acting Secretary, through the Wage and Hour Division, investigated Red Oak for FLSA compliance. *Id.*, pg. 1. The Investigation revealed a few important findings. For starters, during both peak and off-peak seasons, Defendants didn't pay at least some employees 1.5x their regular rate for hours worked above forty a week. *Id.* ¶ 10. Additionally, the Investigation showed that during peak season, Defendants paid employees' first forty hours via check, but additional hours in cash. *Id.* In the off-peak season, Defendants paid employees entirely in cash.

What's more, the Investigation found issues with Defendants' record-keeping practices. Defendants retained only one month of time records throughout the entire Period. *Id.* ¶ 11. The payroll records only recorded employees' regular, forty-hour salary, not the cash payments for the above-forty hours. *Id.* No other records reflected that employees worked more than forty hours. *Id.*

The Acting Secretary attached an Exhibit to her complaint, listing the employees who allegedly received insufficient wages. *Id.*, Ex. A. The Acting Secretary alleges that Defendants owe backpay to *all* those listed employees. *Id.* ¶ 11.

      b.    *Defendants' Answer*

The Defendants answered the Acting Secretary's Complaint, admitting to some allegations and denying others, consistent with Federal Rule of Civil Procedure 8(b)(4). Dkt. 7. It admitted both that it was an "enterprise" under FLSA and that it "engaged in commerce" for purposes of the Act. *Id.*, pg. 3.

Defendants admitted that they "at times" paid employees a regular rate for hours worked in excess of forty. *Id.* They also admitted that, during peak season, they paid via check for the first forty hours and in cash for excessive hours. *Id.*, pg. 5. They denied that employees worked more than forty hours a week during the off-peak seasons. *Id.*, pg. 4.

Defendants also admitted that their payroll records didn't fully record all hours and payments and that Defendants were only able to produce one month's records. *Id.*, pg. 5. They attribute the lack of records to a "time clock service" failure. *Id.* They admitted that the records didn't include the cash payments for hours above forty. *Id.* And Defendants admitted that they didn't keep records during the off-peak season. *Id.* The Defendants admitted that they owe overtime pay to "certain employees," *Id.*, pg. 6, though not necessarily all of those listed in Exhibit A. Dkt. 19, pg. 4.

      c.    *Acting Secretary's 12(c) Motion*

Based on the admissions in Red Oak's Answer, the Acting Secretary moved for "partial judgment on the pleadings" on the following issues: Red Oak's FLSA employer status; overtime violations during the peak season; record keeping

violations; and an injunction for future compliance. Dkt. 13, pg. 1. The Acting Secretary explicitly did not move for judgment on the following issues: overtime violations during the non-peak season, willfulness, and damages.

**Analysis**

At every turn, the Court finds the Acting Secretary in strange procedural positions. The Acting Secretary—the plaintiff in this case—moved under Rule 12(c) for judgment on the pleadings. Though any party may raise the motion, it's "almost always brought by defendants." 3D MOORE'S FED. PRAC. § 12.38, 12-225–26; *see also United Food & Commercial Workers, Local 1995 v. Kroger Co.*, 51 F.4th 197, 210 (6th Cir. 2022) (Larsen, J. dissenting) ("Plaintiffs rarely use the Rule 12(c) procedure…"). As a consequence, because a plaintiff isn't challenging a complaint's sufficiency, the familiar rule treating 12(c) and 12(b)(6) interchangeably doesn't work. And because, again, 12(c) motions are almost never brought by plaintiffs, caselaw addressing the issue is as rare as a Chicago White Sox victory. *See id.* ("[F]ew cases discuss the standards for reviewing such a motion.") *Dist. No. 1, Pacific Coast Dist., Marine Engineers Beneficial Assoc., AFL-CIO v. Liberty Maritime Corp.*, 933 F.3d 751, 760 (D.C. Cir. 2019); ("Very few of our precedents discuss Rule 12(c), in part because [it's] rare."). So, the Court turns to sources beyond this Circuit.

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. F.R.C.P. R. 12(c). As discussed, the Rule permits movement by any party. When a plaintiff so moves, "any factual allegation denied by the answer must be taken as false." *United Food & Commercial Workers, Local 1995 v. Kroger Co.*, 51 F.4th at 210 (Larsen, J. dissenting); *Liberty Maritime*, 933 F.3d, at 761. If the plaintiff seeks judgment on the ground that the allegations of the complaint are admitted, "the defendant's admissions must be clear, distinct and unequivocal." 61A AM. JUR. 2D PLEADING § 497. A court makes all reasonable inferences in the opponent's favor. *Id.*

But wait—there's more. That's the standard where a plaintiff *fully* moves under 12(c). The Acting Secretary moved only partially, seeking "judgment" on Red Oak's FLSA employer status, its peak-season overtime violations and record keeping violations, but not issues like willfulness, damages, and non-peak-season overtime violations. Based on the alleged violations, the Acting Secretary also sought injunctive relief as part of the 12(c) motion. The Acting Secretary argued this method will "streamline[]" the litigation. As the Court's standing order on summary judgment motions explains, the Court often flinches at counsel's assertions that their chosen procedures will streamline a case. Hon. Iain D. Johnston, Standing Order, *Summary Judgment Motions* ("At the risk of sounding like Jerry Seinfeld, did you ever notice that procedures allegedly designed to streamline litigation often don't?")

3

As Red Oak contends, because the Acting Secretary moved on only parts of the FLSA claim, the motion "implicates the threshold question whether Rule 12(c) permits the entry of judgment on some but not all elements of a single claim—that is, whether it permits piecemeal judgment on part of a claim." *Kenall Mfg. Co. v. Cooper Lighting, LLC*, 354 F. Supp. 3d 877, 893 (N.D. Ill. 2018). As that court, and many others, persuasively and thoroughly articulated, 12(c) gives no such permission. *Id.* (noting, among other things, that Rule 56 expressly permits partial-claim judgments, so 12(c)'s silence about partials speaks loudly). Indeed, as then Judge Feinerman (now simply known as "Gary") made plain, permitting partial Rule 12(c) motions would violate the text of the rule. *Kenall*, 354 F. Supp. 3d at 894-97.

To topple the stacks of logical caselaw, the Acting Secretary deploys *Chi-Mil Corp. v. W.T. Grant Co.*, 70 F.R.D. 352, 357 (E.D. Wis. 1976), a nearly 40-year-old Wisconsin district court case that the *Kenall* court thoroughly torpedoed. *See* 354 F. Supp. 3d at 897–98. That battle doesn't end well for the Acting Secretary. The Court allies itself with Judge Feinerman's persuasive analysis in *Kenall*.[3]

But even if the Acting Secretary convinced the Court that partial 12(c) motions are acceptable, the Court would still deny this one. The FLSA imposes minimum wage, overtime, and recordkeeping requirements on certain employers. Specifically, qualifying employers must pay employees who work more than forty hours a week 1.5x their regular rate. 29 U.S.C. § 207(a)(1). And § 211 requires those employers to "make, keep, and preserve" records of the wages, hours, and other employment conditions. The Secretary of Labor may bring actions to enjoin violations. § 217; *Howard v. City of Springfield, Ill.*, 274 F.3d 1141, 1144–45 (7th Cir. 2001).

The Acting Secretary highlights vague "admissions" in Red Oak's Answer, concluding that those statements, without any further discovery or legal briefing, automatically trigger judgment in the Acting Secretary's favor. For example, the Acting Secretary alleged:

> "As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under [the FLSA]. If Defendants continued to violate the FLSA after the Investigation period, then Defendants may owe additional back wages and liquidated damages to employees."

---

[3] In a footnote in the Reply, the Acting Secretary asks the Court, should it find *Kenall* persuasive, to convert this partial 12(c) Motion to a partial motion for summary judgment "and allow for additional briefing." One wonders how this streamlines the litigation. It's unclear why that would be efficient or differ from the regular process, but in any event the Court denies that request and directs the Acting Secretary to the Court's standing order on summary judgment motions.

In its Answer, Red Oak replied:

> "Defendants admit that they owe overtime premium pay to certain employees for wages earned during the Investigation Period. Defendants deny the remaining allegations…."

Or consider other admissions: "Defendants admit that at times they paid their non-exempt employees at their regular rate for all hours worked." And "Defendants admit that their payroll records did not fully record all hours and wage payments to employees."

The Acting Secretary, catapulting to conclusions, asserts Red Oak's admissions decisively establish that it violated the FLSA. But as is often the case in answers (and another reminder why 12(c) is an inappropriate judgment vehicle), these admissions are neither "clear" or "unambiguous," especially when viewed in Red Oak's favor. As Red Oak notes, owing "certain employees" wages doesn't necessarily mean the Company owes all those listed in Exhibit A. Further, is it true that owing an employee some overtime pay or maintaining less-than-perfect records equals an injunction-qualifying FLSA violation? Far from showing indisputable liability, these careful, forthcoming admissions reveal Red Oak's candor. The Court won't punish that behavior.

**Injunction**

The Court denies the Acting Secretary's Motion as to judgment on the alleged violations, mooting the request for an injunction and the arguments as to the proper standard. But it's noteworthy (as Red Oak highlights) that the Acting Secretary cited only summary judgment stage cases to support an injunction. Another indication that 12(c) is particularly ill-suited to litigate "extraordinary" equitable remedies.

**Conclusion**

For the above reasons, the Court denies the Acting Secretary's motion.

Date: November 1, 2024      By: _____
                                Iain D. Johnston
                                United States District Judge